UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60238-CR-COHN/SELTZER(s)

UNITED STATES OF AMERICA

vs.

JONATHAN LEE EUBANKS,

    Defendant.

_____/

**GOVERNMENT'S SECOND RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT AND DEFENDANT'S MOTION FOR VARIANCE**

    The United States of America hereby responds to Defendant Jonathan Lee Eubanks's Second Filing of Additional Objections to the Presentence Investigation Report (PSR) [DE #84]. The Government opposes the Defendant's objection to the two-level enhancement for obstruction of justice. The Government also opposes the Defendant's motion for a variance.

    I.    **Obstruction of Justice**

    The Defendant's objection to the two-level enhancement for obstruction of justice pursuant to § 3C1.1 should be denied. First, the objection is untimely, coming on the eve of sentencing and thus prejudicing the Government's ability to adequately respond. For that reason alone, the objection should be denied. However, even if the Court considers the objection, it is meritless.

    The Defendant willfully obstructed the administration of justice at his trial by providing materially false testimony, specifically by denying his involvement in the intrusions into Navarro's computer system. The Defendant flatly denied knowing anything about the intrusions into

Navarro's computer system, remotely accessing Navarro's computers from his home computer, and remotely accessing Navarro's computer system to destroy files after he had resigned or been dismissed. [DE #66 at p. 10-11]. The Defendant ended his testimony by declaring himself not guilty of any of the charges contained in the indictment.

The evidence presented at trial overwhelmingly contradicted the Defendant's false denials, and the jury clearly rejected the Defendant's testimony by convicting him on all counts. Based on the overwhelming evidence at trial, the Defendant's testimony was demonstrably false. It was also clearly material, as his denials went directly to the central conduct at issue in the case, including denial of the destruction of files, which was an element of Count 1. Furthermore, his testimony was willfully false, as demonstrated by the fact that his denials were clear and unequivocal.

Finally, the enhancement does not punish the Defendant for simply exercising his constitutional right to proceed to trial or even for exercising his right to testify. The Supreme Court has repeatedly held that a defendant's right to testify does not include a right to commit perjury. *United States v. Dunnigan*, 507 U.S. 87, 96 (1993) (listing cases). Therefore, the Court should overrule the Defendant's objection.

II.     **Motion for Variance**

The Government respectfully opposes the Defendant's motion for a downward variance and will present further argument at the sentencing hearing.

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By: /s Jared M. Strauss
JARED M. STRAUSS
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5501264
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394
(954) 356-7255 (telephone)
(954) 356-7336 (fax)
jared.strauss@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of June, 2017, the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ Jared M. Strauss
JARED M. STRAUSS
Assistant United States Attorney
